**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHRISTOPHER YOUST,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 23-cv-0848** |
| | : | |
| **BRUCE ROTH, *et al.*,** | : | |
| **Defendants.** | : | |

**MEMORANDUM**

**Joseph F. Leeson, Jr.** **June 5, 2023**
**United States District Judge**

*Pro se* Plaintiff Christopher Youst brings this action pursuant to 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 1988 for violations of his civil rights. Currently before the Court are Youst's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1) and his Complaint (ECF No. 2). Because it appears that Youst is unable to afford to pay the filing fee, the Court will grant him leave to proceed *in forma pauperis*. For the following reasons, all claims asserted in the Complaint with the exception of Youst's § 1983 claim for money damages against Defendant Officer Ryan Yoder will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). The claim against Yoder will be stayed pending resolution of Youst's state court criminal charges.

## I. FACTUAL ALLEGATIONS[1]

The Complaint in this case is lengthy (219 pages) and extensive. Youst contends that his constitutional rights were violated as a result of a wide-ranging conspiracy involving police

[1] The facts set forth in this Memorandum are taken from the Complaint (ECF No. 2), as well as the Exhibits (ECF No. 2-1) and "Complaint/Affidavit" (ECF No. 2-2) attached thereto. The Court will deem the entire submission to constitute Youst's Complaint and adopt the pagination

officers, prosecutors, defense attorneys, judges, and court officials designed to convict him of various criminal charges over a twelve-year (12) period. (Compl. Aff. at 1-62.) Youst names approximately twenty-nine (29) Defendants including but not limited to, individual police officers who arrested him, district attorneys who prosecuted him, lawyers who defended him, and judges who presided over his criminal cases in state court. (*Id.* at 31-174; *see also* Compl. 2-3.) Most of Youst's factual allegations are best described as a step-by-step, chronological recitation of the events surrounding each of his various arrests and the criminal justice proceedings that followed in the Lancaster County Court of Common Pleas beginning with his August 3, 2010 arrest and continuing through his August 23, 2022 arrest.[2] (Compl. Aff. at 1-30.) Youst's additional factual allegations set forth a similar recitation of events with respect to: (1) grievances he filed while incarcerated at Lancaster County Prison, (*see id.* at 20, 27-28) and (2) misconduct reports issued to Youst during his incarceration and events relating to those reports.[3] (*See id.* at 20-22, 25, 27-28.)

More recently, Youst alleges that the Honorable Thomas Sponaugle conducted a bench trial in *Commonwealth v. Youst*, CP-36-CR-00004162-2018, (C.P. Lancaster) (hereinafter, "2018 Criminal Matter – 4162") on August 18, 2021. (*Id.* at 29.) Youst asserts that his defense counsel, Dennis Dougherty withdrew his representation "during trial" and that Youst's request for a postponement was denied. (*Id.*) Youst claims that the 2018 Criminal Matter – 4162

---

supplied by the CM/ECF docketing system to the Complaint, the Exhibits, and the Complaint/Affidavit ("Comp. Aff.").

[2] For example, Youst alleges the dates when bench warrants were issued, when police officers applied for search warrants and the detailed scope of those warrants, when continuances were issued in his criminal proceedings, when various charges were filed against him, when attorneys filed various motions in his cases, and how various judges ruled on those motions. (*Id.*)

[3] To the extent additional factual allegations by Youst are relevant to certain claims, those allegations are set forth in the Court's analysis of those specific claims throughout this Memorandum.

proceeded to trial and "he was found guilty." (*Id.*) Judge Sponaugle subsequently sentenced Youst to thirty (30) days in Lancaster County Prison on or about October 7, 2021. (*Id.*) Youst was released early for good behavior on November 1, 2021 and permitted to "serve out the rest of his Sentence on county parole." (*Id.*) Youst claims that on December 30, 2021, a bench warrant issued for Youst in the 2018 Criminal Matter – 4162, and he was arrested several months later, on May 8, 2022, by East Lampeter Police Department on that warrant and transported to Lancaster County Prison. (*Id.*) The Honorable Margaret C. Miller held a parole violation hearing on June 2, 2022 and denied Lancaster County Probation and Parole's request to require Youst to serve an additional sixty-five (65) days in prison and "max out" the sentence originally issued by Judge Sponaugle. (*Id.* at 29-30.) Youst was released from Lancaster County Prison on June 2, 2022. (*Id.* at 30.)

Youst alleges that on August 13, 2022 between 2:00 and 3:00 a.m. Defendant Officer Ryan Yoder "harassed and arrested" Youst and charged him with "false identification to law enforcement." (*Id.*) Youst was then transported to the Lancaster City Police Department for fingerprinting before he was taken to Lancaster County Prison. (*Id.*) Youst subsequently attended a preliminary hearing before Magisterial District Judge Mary Sponaugle on August 23, 2022, but Defendant Yoder was not present so Youst was released on unsecured bail and the preliminary hearing was rescheduled for August 29, 2022. (*Id.*) Youst claims that he was informed that a failure to attend the August 29, 2022 preliminary hearing would result in a warrant being issued and a high bail being set.[4] (*Id.*) Youst alleges that he "left Pennsylvania"

---

[4] It appears that the August 29, 2022 preliminary hearing was continued to September 14, 2022, and that a bench warrant issued for Youst's arrest after he failed to appear. *See Commonwealth v. Youst*, MJ-02101-CR-0000392-2022 (C.P. Lancaster); *Commonwealth v. Youst*, CP-36-CR-0003924-2022 (C.P. Lancaster). Youst also claims that he was charged on September 7, 2022 with tampering with property by Lancaster City Police for an unspecified incident that occurred

on September 7, 2022 "in fear of his life[.]" (*Id.*) Youst seeks several forms of relief based on the allegations of the Complaint. Youst asks the Court to quash the arrest warrants in the following cases currently pending in the Lancaster County Court of Common Pleas: (1) *Commonwealth v. Youst*, CP-36-CR-0003924-2022 (false identification to law enforcement); (2) *Commonwealth v. Youst*, CP-36-CR-0002082-2022 (possession of a controlled substance and drug paraphernalia); and (3) *Commonwealth v. Youst*, MJ-02204-NT-0000541-2022 . (*Id.* at 182-83.) Youst also seeks monetary damages for the time he spent incarcerated "unlawfully" at Lancaster County Prison for specific dates in 2017, 2018, 2019, 2021, and 2022. (*Id.* at 183.) Youst further asks the Court to grant him "full exoneration and acquit[] him of all charges filed by the local government officials from the time of September 21, 2017, to current, as well as a full expungement of his criminal record concerning cases filed in the County of Lancaster Pennsylvania." (*Id.*) Youst further requests that the Court issue an injunction "directing the local police, state police, and any other agency or law enforcement departments in the state of Pennsylvania to destroy any and all criminal records, finger prints [sic], DNA records and any other reports and files associated with law enforcement obtained from any past or ongoing investigations of [Youst]." (*Id.* at 184.) Moving forward Youst also seeks to enjoin "law enforcement authorities in Lancaster County Pennsylvania and all other authorities in connection with Lancaster County Law enforcement to refrain from harassing, stalking, and investigating him due to any evidence derived from the incidents stated within his complaint[.]" (*Id.*) Finally, Youst requests reinstatement of his Class-A Commercial Driver's License and punitive damages. (*Id.* at 184-85.)

---

on August 27, 2022. *See Commonwealth v. Youst*, MJ-02204-NT-0000541-2022 (C.P. Lancaster).

## II. STANDARD OF REVIEW

The Court will grant Youst leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if it is frivolous or fails to state a claim. A complaint is frivolous under § 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The use of the term "frivolous" in § 1915 "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* A claim is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal,* 556 U.S. at 678. As Youst is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8

F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III. DISCUSSION

Youst seeks to bring claims for violations of his civil rights pursuant to §§ 1981, 1983, 1985, 1986, and 1988. He also asserts claims under various state and federal criminal statutes. The Court addresses Youst's claims in turn.

### A. Claims Brought Pursuant to Federal Criminal Statutes

Youst alleges that various Defendants violated the following federal criminal statutes 18 U.S.C. §§ 241, 242, 373, and 1201. (*See, e.g.*, Compl. Aff. at 32, 34, 36, 42-43, 45-46, 48-49, 51-52, 58, 63, 66, 68, 73-74, 77, 79-80, 84-85, 89, 92, 95-96, 98, 102-103, 108-109, 115-117, 120-122, 128, 130-131, 140-141, 143, 147-148, 151, 158-159, 163-165, 168-169, 175.) Criminal statutes generally do not give rise to a basis for civil liability. *See Brown v. City of Philadelphia Off. of Human Res.*, 735 F. App' x 55, 56 (3d Cir. 2018) (*per curiam*) ("Brown alleges that the defendants violated various criminal statutes, but most do not provide a private cause of action."). The federal criminal statutes Youst cites establish criminal liability for certain deprivations of civil rights (18 U.S.C. § 241), conspiracy to deprive civil rights (18 U.S.C. § 242), solicitation of a crime of violence (18 U.S.C. § 373), and felony kidnapping (18 U.S.C § 1201).

However, Sections 241, 242, 373, and 1201 do not provide a basis for private right of action, and Youst cannot bring criminal charges through a private civil lawsuit. *See, e.g.*, *United States v. Philadelphia*, 644 F.2d 187 (3d Cir. 1980) (declining to create civil remedy under 18 U.S.C. §§ 241 and 242); *Monche v. Grill*, No. 22-1516, 2022 WL 15523082, at *16 (M.D. Pa. Oct. 27, 2022) ("The non-prosecution of individuals who could potentially be prosecuted for

federal crimes (even crimes committed against Plaintiff) does not violate Plaintiff's rights. Plaintiff does not identify a private right of action conferred by these sections. Therefore, Plaintiff does not state a claim under . . . sections [241, 242, 1201] of the United States Code."); *Abney v. Dolgencorp, L.L.C.*, No. 20-10415, 2021 WL 2525439, at *4 (E.D. Mich. June 21, 2021) (denying *pro se* plaintiff's motion to amend to add a claim based on 18 U.S.C. § 373 because "Section 373 of Title 18 is a criminal statute, and it does not appear to have a civil component."); *El v. Perez*, No. 21-96, 2021 WL 738948, at *2 (W.D. Mich. Feb. 3, 2021), *report and recommendation adopted*, 2021 WL 736401 (W.D. Mich. Feb. 25, 2021) ("Section 1201 is a criminal statute that does not authorize a plaintiff to bring a civil claim."); *El v. O'Brien*, No. 12-1793, 2012 WL 2367096, at *2 (E.D.N.Y. June 20, 2012) ("None of these statutes[, including 18 U.S.C. § 373,] provide for any private right of action and, therefore, cannot form the basis of a valid claim by Plaintiff."); *Walthour v. Herron*, No. 10-1495, 2010 WL 1877704 at *3 (E.D. Pa. May 6, 2010) (no private right of action exists under 18 U.S.C. §§ 241, 242, among others); *Harnden v. Croswell-Lexington Cmty. Schs.*, No. 15- 12738, 2016 WL 2731188, at *2 (E.D. Mich. May 11, 2016) ("there is no private right of action for purported violations of the Federal Kidnapping Act [18 U.S.C. § 1201]"). Accordingly, Youst cannot state a plausible claim under any of the cited federal criminal statutes and those claims must be dismissed with prejudice pursuant to § 1915(e)(2)(B)(ii) as amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (stating that leave to amend claims dismissed on screening should generally be granted "unless amendment would be inequitable or futile.").

**B. Claims Brought Pursuant to Pennsylvania Criminal Statutes**

Youst asserts claims against multiple Defendants under various sections of the Pennsylvania Crimes Code, *see generally* 18 Cons. Stat. Ann. §§ 101, *et seq.*, including: (a)

Section 903 for criminal conspiracy to commit kidnapping, (*see* Compl. Aff. at 54, 94, 101, 119, 127, 138, 149-50, 156-57, 162, 167); (b) Section 4103 for fraudulent destruction, removal, or concealment of recordable instruments, (*id.* at 55, 76, 91-92); (c) Section 5101 for obstructing the administration of law or other governmental function, (*id.* at 56, 60, 71, 81, 87, 92, 99, 105, 111, 114, 125, 135, 154, 161, 163-64; (d) Section 4910 for tampering with or fabricating physical evidence, (*id.* at 57); (e) Section 2906 for criminal coercion, (*id.* at 57-58, 64, 72, 78, 82, 88, 93, 100, 106, 112, 118, 126, 137, 145, 155, 161, 166, 171); (f) Section 5301 for official oppression, (*id.* at 62, 68, 74, 78-79, 82, 86, 91, 97, 104, 111, 116, 124, 133, 152-53, 160, 166, 170); (g) Section 4902 for perjury, (*id.* at 69); (h) Section 4903 for false swearing, (Id. at 70); (i) Section 4104 for tampering with records or identification, (*id.* at 75); and (j) Section 2901 for kidnapping, (*id.* at 157).

Courts routinely dismiss claims seeking to impose civil liability under various sections of the Pennsylvania Crimes Code finding that the "Code gives no authority for a private cause of action and none has been implied." *Martrano v. Quizno's Franchise Co.*, No. 08-0932, 2009 WL 1704469, at *12 (W.D. Pa. June 15, 2009) (dismissing claims brought under Pennsylvania penal code provisions for theft by unlawful taking, theft by deception, theft of services, and other criminal violations); *see D'Errico v. DeFazio*, 763 A.2d 424, 430 (Pa. Super. Ct. 2000) (concluding that plaintiffs could not seek to impose civil liability based on a criminal statute alone); *see also Williams v. Wetzel*, 827 F. App'x 158, 162 (3d Cir. 2020) (*per curiam*) (recognizing that plaintiff's stand-alone civil claims brought pursuant to the Pennsylvania Crimes Code were properly rejected by the district court because there was no private right of action available under the Code); *Gok v. Roman Catholic Church*, 550 F. Supp. 3d 221, 235-36 (E.D. Pa. 2021) (dismissing plaintiff's "vague claims for violation of Pennsylvania's criminal

code" and finding that "these statutory crimes do not create a private cause of action"); *Grande v. Starbucks Corp.*, No. 18-4036, 2019 WL 1455445, at *4 (E.D. Pa. Apr. 2, 2019) (finding that plaintiff's "causes of action . . . predicated on violations of Pennsylvania's criminal and administrative codes" could not "support or form the basis" of his claims because those "provisions do not include a private cause of action").

None of the criminal statutes Youst cites provide for a private right of action, nor do they contain anything in their language or structure implying that the Pennsylvania legislature intended to create one. *See*, *e.g.*, *Stacey v. City of Hermitage*, 178 F. App'x 94, 101 (3d Cir. 2006) (*per curiam*) (affirming dismissal of private cause of action for violation of Pennsylvania criminal statutes, including *inter alia*, 18 Pa. Cons. Stat. § 4910, which prohibits tampering with physical evidence); *Gibson v. Erickson*, No. 19-357, 2020 WL 1866453, at *3 (W.D. Pa. Mar. 25, 2020), *report and recommendation adopted*, 2020 WL 1866646 (W.D. Pa. Apr. 14, 2020) (recognizing there is no private right of action under 18 Pa. C.S. §§ 903 (criminal conspiracy), 4104 (tampering with records), and 5301 (official oppression)); *Booze v. Wetzel*, No. 12-01307, 2017 WL 2991801, at *11 (M.D. Pa. May 25, 2017), *report and recommendation adopted*, 2017 WL 2985108 (M.D. Pa. July 13, 2017) (concluding that violations of Pennsylvania's criminal coercion statute, § 2906, and official oppression statute, § 5301, were not actionable under § 1983 and failed as a matter of law since the statutes did not give rise to civil liability); *Simpson v. City of Coatesville*, No. 12-4803, 2015 WL 7251546, at *5-6 (E.D. Pa. Nov. 17, 2015) (declining to find a private cause of action to impost civil liability for § 4902 (perjury), § 4903 (false swearing), and § 2906(a) (criminal coercion) among others); *Sarpolis v. Tereshko*, 26 F. Supp. 3d 407, 418 (E.D. Pa. 2014) (finding no private cause of action for perjury pursuant to § 4902); *Bane v. City of Philadelphia*, No. 09-2798, 2009 WL 6614992, at *12 n.15 (E.D. Pa. June 18,

2010) ("In Pennsylvania, the offense of kidnapping set forth in 18 P.C. § 2901, *et seq.*, does not create a private right of action."); *Demeter v. City of Bethlehem*, No. 03-6825, 2004 WL 614779, at *4 (E.D. Pa. Feb. 13, 2004) (dismissing official oppression claim under § 5301 brought by *pro se* plaintiff for failure to state a claim because "Pennsylvania law does not recognize a private cause of action for official oppression"); *Barnes v. City of Coatesville*, No. 93-1444, 1993 WL 259329, at *6 (E.D. Pa. June 28, 1993) *aff'd*, 60 F.3d 813 (3d Cir. 1995) ("There are no private causes of action for official oppression and false swearing to authorities under Pennsylvania law."); *see also D'Errico v. DeFazio*, 763 A.2d 424, 430 (Pa. Super. Ct. 2000) (declining to imply a private right of action for official oppression under § 5301); *cf. Filby v. Colebrookdale Twp.*, No. 312 C.D. 2018, 2018 WL 5533989, at *3 (Pa. Commw. Ct. Oct. 30, 2018) ("Our appellate courts have determined that the crime of official oppression cannot be the basis for civil liability against public officials."); *Minnich v. Yost*, 817 A.2d 538 (Pa. Super. Ct. 2003) (stating § 4103 does not create a private cause of action). Because Youst cannot state a plausible claim under any of the cited Pennsylvania criminal statutes,[5] and those claims must be dismissed with prejudice pursuant to § 1915(e)(2)(B)(ii) as amendment would be futile.[6]

---

[5] The other statute Youst cites, § 5101 making it a crime in Pennsylvania to obstruct the administration of law or other governmental function also fails to expressly provide for a private cause of action and there is no basis upon which to imply that one exists. *See Alfred M. Lutheran Distributors, Inc. v. A.P. Weilersbacher, Inc.*, 650 A.2d 83, 87 (Pa. Super. Ct. 1994) (explaining that courts look to: (1) whether the statute creates a right in favor of the plaintiff; (2) whether there is an indication of legislative intent to create or deny a civil remedy; and (3) whether such a remedy is consistent with the underlying purposes of the legislative scheme).

[6] Throughout Youst's Complaint he asserts that conduct by nearly every Defendants violated his rights under various Sections of Article 1 of the Pennsylvania Constitution. (*See, e.g.*, Compl. Aff. at 32-95, 103-131, 133, 135-136, 138.) These claims must also be dismissed with prejudice as legally frivolous pursuant to § 1915(e)(2)(B)(i) because there is no private right of action for damages under the Pennsylvania Constitution. *See Plouffe v. Cevallos*, 777 F. App'x 594, 601 (3d Cir. 2019) ("[N]or is there a private right of action for damages under the Pennsylvania Constitution"); *Pocono Mountain Charter Sch. v. Pocono Mountain Sch. Dist.*, 442 F. App'x

**C. Claims Brought Pursuant to § 1981**

Youst cites 42 U.S.C. § 1981 as the basis for a claim against approximately twenty (20) Defendants alleging broadly that these Defendants:

> deprived . . . Youst of specific rights including but not limited to the right to be secure against unreasonable searches and seizures, the right to not be deprived of life, liberty or property without due process of law, the right to enjoy a speedy and public trial by an impartial jury, the right to be confronted with witnesses against him, the right to compulsory process for obtaining witnesses in his favor, the right to have Assistance of Counsel for his defense, the right to Inspect evidence, the right to not have excessive bail imposed against him, the right to not have cruel and unusual punishments inflicted upon him, the right to the equal protections of the law, the right to be heard by himself, the right to demand the nature and cause of the accusations against him, [and] the right to equality despite his race or ethnicity. Every person or entity named herein had a partaking in the conspiracy to deprive . . . Youst of rights that are enforced by the United States Constitution as well as the Constitution of Pennsylvania.

(*See* Compl. Aff. at 175.)

A plaintiff asserting a claim under § 1981 "must allege facts in support of the following elements: (1) [that plaintiff] is a member of a racial minority; (2) intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in the statute[,] which includes the right to make and enforce contracts."[7] *Brown v.*

---

681, 687 (3d Cir. 2011) ("No Pennsylvania statute establishes, and no Pennsylvania court has recognized, a private cause of action for damages under the Pennsylvania Constitution.").

[7] Section 1981 provides that:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

*Philip Morris Inc.*, 250 F.3d 789, 797 (3d Cir. 2001) (alterations in original) (quoting *Yelverton v. Lehman*, No. 94-6114, 1996 WL 296551, at *7 (E.D. Pa. June 3, 1996), *aff'd. mem.*, 175 F.3d 1012 (3d Cir. 1999)). Youst fails to set forth a plausible claim under § 1981.

Youst does not allege that he is a member of a racial minority. Youst only alleges in broad, conclusory terms that Defendants deprived him of "the right to equality despite his race or ethnicity." (Compl. Aff. at 175.) Youst does not offer facts to support his conclusory allegation of generalized racial bias by any Defendant, nor does he allege that he was subjected to racial discrimination.[8] Youst's conclusory and generalized allegations of racial bias are insufficient to satisfy the elements of a claim under § 1981. *See Spence v. Caputo*, No. 12-1077, 2015 WL 630294, at *27 (W.D. Pa. Feb. 12, 2015) (dismissing § 1981 and § 1982 claims because plaintiff's claims were mere speculation and did not allege which of the enumerated rights under these sections were allegedly violated, which defendants were involved, the dates that any violations occurred, nor were facts alleged to show that any deprivation of the enumerated rights was racially motivated); *see also Davis v. Samuels*, 962 F.3d 105, 115-16 (3d Cir. 2020) (affirming dismissal on the merits of plaintiff's § 1981 claim against federal defendants for failure to state a plausible claim of race discrimination). Even if Youst had sufficiently alleged an intentional act of discrimination based on his race, his § 1981 claim still fails because there is no plausible allegation that the discrimination concerned one or more of the activities enumerated in the statute, namely making or enforcing contracts, or the ability to bring or defend a lawsuit, or give evidence. Accordingly, Youst has failed to state a plausible claim under §

---

42 U.S.C § 1981. This Reconstruction-era statute, along with several others, was enacted to effectuate the aims of the Thirteenth and Fourteenth Amendments to the Constitution. *Brown v. Philip Morris Inc.*, 250 F.3d 789, 796-97 (3d Cir. 2001)

[8] Youst's Complaint does not contain the words "discrimination" or "discriminate."

1981. This claim will be dismissed with prejudice as any attempt to amend would be futile given the absence of any connection to one or more of the enumerated activities.

**D. Conspiracy Claims Brought Pursuant to §§ 1985 and 1986**

Youst also asserts claims pursuant to §§ 1985 and 1986. (Compl. Aff. at 175-178.) Section § 1985(2), "prohibits conspiracies to retaliate against parties or witnesses in any United States Court[.]" *Kane v. Chester Cnty.*, 811 F. App'x 65, 71 (3d Cir. 2020); *see also Stankowski v. Farley*, 251 F. App'x 743, 747 n.1 (3d Cir. 2007) (*per curiam*) ("Section 1985(2) prohibits conspiracies to prevent witnesses from testifying in court, injuring witness who have testified, or attempting to influence or injure grand or petit jurors."). To allege a plausible claim under § 1985(2), the plaintiff must allege "(1) a conspiracy between two or more persons (2) to deter a witness by force, intimidation or threat from attending court or testifying freely in any pending matter, which (3) results in injury to the plaintiffs." *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (quotations omitted).

Section 1985(3) creates a cause of action against persons who "conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws. . . ." 42 U.S.C. § 1985(3). To state a plausible claim under § 1985(3), a plaintiff must allege the following elements: (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons of the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States. *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997). Significantly, "'[t]he [statutory] language requiring intent to deprive of equal protection . . . means that there must be some racial . . . invidiously

discriminatory animus behind the conspirators' action.'" *United Bhd. of Carpenters & Joiners of Am., Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 835 (1983) (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). Moreover, a plaintiff must allege specific facts to sustain a § 1985(3) claim:

> With near unanimity, the courts have rejected complaints containing mere conclusory allegations of deprivations of constitutional rights protected under § 1985(3). A conspiracy claim based upon § 1985(3) requires a clear showing of invidious, purposeful and intentional discrimination between classes or individuals.

*Robinson v. McCorkle*, 462 F.2d 111, 113 (3d Cir. 1972); *see also Grigsby v. Kane*, 250 F. Supp. 2d 453, 458 (M.D. Pa. 2003) ("[O]nly allegations which are particularized, such as those addressing the period of the conspiracy, the object of the conspiracy, and actions taken in furtherance of the conspiracy, will be deemed sufficient.")

A plaintiff bringing a claim under § 1985 must also allege the elements of a conspiracy. "[T]o properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178 (3d Cir. 2010). "[A] bare assertion of conspiracy will not suffice." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "'A conspiracy cannot be found from allegations of judicial error, ex parte communications (the manner of occurrence and substance of which are not alleged) or adverse rulings absent specific facts demonstrating an agreement to commit the alleged improper actions.'" *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 185 (3d Cir. 2009) (*per curiam*) (quoting *Crabtree v. Muchmore*, 904 F.2d 1475, 1480-81 (10th Cir. 1990)). Moreover, "[Section] 1986 constitutes an additional safeguard for those rights protected under 42 U.S.C. § 1985, and 'transgressions of § 1986 by definition depend on a preexisting violation of § 1985." *Clark v. Clabaugh*, 20 F.3d 1290, 1295 (3d Cir. 1994) (quoting

*Rogin v. Bensalem Twp.*, 616 F.2d 680, 696 (3d Cir. 1980)). In other words, "to maintain a cause of action under § 1986, the plaintiffs must show the existence of a § 1985 conspiracy." *Id.* at 1295 n.5.

Youst does not allege a plausible claim under either § 1985(2) or § 1985(3). Youst fails to allege a factual basis for a claim that any Defendants conspired to intimidate witnesses from testifying in any of Youst's many criminal proceedings from 2010 to the present. Accordingly, the Court will dismiss Youst's § 1985(2) claim as legally baseless pursuant to § 1915(e)(2)(B)(i). Youst has also failed to allege sufficient facts regarding the formation of a conspiracy between any of the Defendants. Youst's allegations lack any factual particularity regarding the period and the object of the conspiracy, or actions taken in furtherance of the conspiracy. *See Grigsby*, 250 F. Supp. 2d at 458. Youst only makes allegations of a far-reaching conspiracy among two police departments, four police officers, four assistant district attorneys, three defense attorneys, seventeen state court judges, and the clerk of court that spanned more than twelve years. These allegations are conclusory and lack the factual specificity required to allege a plausible conspiracy under § 1985(3). Even if the Court were to credit Youst's conclusory allegations that multiple Defendants conspired together to get him arrested and convicted between 2010 and 2022, he fails to allege plausibly that racial animus motived any such conspiracy. Accordingly, because he does not allege a conspiracy motivated by a racial or class based discriminatory animus, Youst fails to state a plausible claim under § 1985 and all such claims will be dismissed pursuant to § 1915(e)(2)(B)(ii). *Accord Balthazar v. Atl. City Med. Ctr.*, 279 F. Supp. 2d 574, 592 (D.N.J. 2003), *aff'd*, 137 F. App'x 482 (3d Cir. 2005) (dismissing § 1985 conspiracy claim for failure to state a claim where plaintiff, an indigent, African-American woman, asserted that a medical center and several doctors conspired to deprive her of her Medicaid benefits because she

did "not provide a factual basis for her claims that the alleged conspiracy was motivated by 'racial . . . or otherwise class-based' animus.").

Because Youst has failed to allege the existence of a § 1985 conspiracy motivated by a racial or class based discriminatory animus, he also cannot maintain a plausible § 1986 claim and this claim will similarly be dismissed pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim. As it appears that any attempt to amend his §§ 1985 or 1986 claims would be futile, these claims will be dismissed with prejudice.

**E. Claims Brought Pursuant to 42 U.S.C. § 1988**

Youst also seeks to assert a claim under 42 U.S.C. § 1988. (Compl. Aff. at 175, 178-179.) Section 1988(b) provides in pertinent part that "[i]n any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs[.]" 42 U.S.C. § 1988(b). Youst's attempt to bring a claim pursuant to § 1988 in this case fails because § 1988 does not authorize an independent cause of action. *See Moor v. County of Alameda*, 411 U.S. 693, 702 (1973) (recognizing that Section 1988 does not create an independent federal cause of action and noting that it was "intended to complement the various acts which do create federal causes of action for the violation of federal civil rights."). Furthermore, Youst has failed to allege a plausible claim under either §§ 1981, 1983,[9] 1985, or 1986 and "in the absence of another, viable civil rights claim, [Youst] may not sue for a violation of Section 1988 alone." *Banks v. Owens*, No. 17-5423, 2018 WL 6249709, at *6 (E.D. Pa. Nov. 29, 2018). Finally, even if Youst had alleged a plausible civil rights claim, he would still not be entitled to recover

[9] As set forth more fully below in Section III., F., Youst does not allege a viable civil rights claim under § 1983.

reasonable attorney's fees under § 1988, because he is a non-lawyer, *pro se* litigant. *See Pitts v. Vaughn*, 679 F.2d 311, 313 (3d Cir. 1982) (holding that § 1988 "does not entitle a non-lawyer, pro se litigant to attorney's fees"). Accordingly, any claim under § 1988 is dismissed with prejudice.

**F. Claims Brought Pursuant to 42 U.S.C. § 1983**

42 U.S.C. § 1983 is the vehicle by which federal constitutional claims may be brought in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Additionally, a "defendant in a civil rights action must have personal involvement in the alleged wrongs." *See Rode*, 845 F.2d at 1207. Moreover, "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

**1. Claims Barred by the Statute of Limitations**

Youst includes detailed factual allegations with respect to: (a) his arrest on August 3, 2010 and subsequent new arrests and charges brought against him in 2012, 2013, 2014, 2017, 2018, 2019, and 2020; (b) actions taken by law enforcement stemming from these arrests and charges, including but not limited to, investigatory actions such as obtaining and executing search and arrest warrants; (c) conduct by judges, prosecutors, defense counsel, and other court officials in numerous criminal proceedings brought against Youst in the Lancaster County Court

of Common Pleas arising from these arrests and charges; and (d) events that occurred while he was incarcerated at Lancaster County Prison in 2018, 2019, and 2020. (Compl. Aff. at 1-28.)

"A complaint is subject to dismissal for failure to state a claim on statute of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017). The timeliness of a § 1983 claim is governed by the limitations period applicable to personal injury actions of the state where the cause of action arose. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). Pennsylvania's two-year statute of limitations applies to these claims. *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007). A claim accrues "when a plaintiff has a complete and present cause of action, that is, when [he] can file suit and obtain relief." *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (quotations omitted). Based on the dates of the events alleged in the Complaint relating to the '10-'20 Arrests & Charges, it appears that nearly all of Youst's constitutional challenges under § 1983 are time-barred. Here, Youst's claims based on the '10-'20 Arrests & Charges accrued on or about the dates when Youst was arrested, charged, processed, and confined at Lancaster County Prison. *See, e.g.*, *LeBlanc v. Snavely*, 453 F. App'x 140, 142 (3d Cir. 2011) (*per curiam*) ("Claims for false arrest and assault (which would include LeBlanc's excessive force claim) typically accrue on the date of the arrest or the assault, because, at that point, the plaintiff has reason to know of the injury."); *see also Hickox v. Cnty. of Blair*, 591 F. App'x 107, 110 (3d Cir. 2014) (*per curiam*) ("Hickox's cause of action accrued on November 13, 2010, the date on which he alleges he was injured by the defendants' actions."); *Thomas v. Bucks Cnty.*, No. 23-1200, 2023 WL 3483886, at *2-*3 (E.D. Pa. May 16, 2023) (finding plaintiff's unconstitutional conditions of confinement claim was time-barred under Pennsylvania two-year statute of limitations).

Youst's claims accrued, respectively, in 2010, 2012, 2013, 2014, 2017, 2018, 2019, and 2020. Accordingly, Youst would have been obligated to file his claims within two years of the alleged events set forth in the Complaint. However, Youst's Complaint was filed with the Court on or about March 3, 2023. As Youst filed his Complaint several years after the latest date the statute of limitations could have expired with respect to any claims arising from these arrests and charges occurring between 2010 and 2020 and his incarceration at Lancaster County Prison in 2018, 2019, or 2020, his claims are untimely and must be dismissed. Leave to amend will not be granted as any attempt to amend would be futile.[10]

### 2. Claims Against Police Departments

Youst names the Lancaster City Bureau of Police[11] ("LCBP") and the Manheim Township Police Department ("MTPD") as Defendants. (Compl. Aff. at 127, 138.) Youst's claims against these police departments fail and must be dismissed with prejudice. Following the decision in *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 694 (1978), courts concluded that a police department is a sub-unit of the local government and, as such, is merely a vehicle through which the municipality fulfills its policing functions. *See e.g. Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993). Thus, while a municipality may be liable under § 1983, a police department, as a mere sub-unit of the municipality, may not. *Id.*; *Martin v. Red Lion Police Dept.*, 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (*per curiam*) (stating that police

---

[10] To the extent any of Youst's claims arising from the arrests and charges between 2010 and 2020 and his incarceration at Lancaster County Prison during 2018, 2019, and 2020 are not barred by the statute of limitations, the claims are still subject to dismissal for additional reasons discussed below.

[11] Youst misidentified this Defendant in his Complaint as the Lancaster City Bureau Police Department. (Compl. Aff. at 127.)

department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality); *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 (3d Cir. 1997) ("As in past cases, we treat the municipality and its police department as a single entity for purposes of section 1983 liability") (citing *Colburn v. Upper Darby Township*, 838 F.2d 663, 671 n.7 (3d Cir.1988)); *Hadesty v. Rush Twp. Police Dep't*, No. 14-2319, 2016 WL 1039063, at *9 n.4 (M.D. Pa. Mar. 15, 2016). Accordingly, all claims against LCBP and MTPD will be dismissed pursuant to § 1915(e)(2)(B)(ii) with prejudice as amendment would be futile.

**3. Claims Against Lancaster County Prison**

Youst names Lancaster County Prison as a Defendant in his Complaint. (Compl. Aff. at 167.) Youst's claims against Lancaster County Prison must be dismissed. Lancaster County Prison is not considered a "person" for purposes of § 1983. *See Edwards v. Northampton Cnty.*, 663 F. App'x 132, 136 (3d Cir. 2016) (explaining that the district court "appropriately disposed of" prisoner's conditions of confinement claims against Northampton County Prison on the basis that a prison is not a "person" subject to suit under § 1983) (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)); *see also Lenhart v. Pennsylvania*, 528 F. App'x 111, 114 (3d Cir. 2013) ("Westmoreland County Prison is not a person capable of being sued within the meaning of § 1983." ); *see also White v. Knight*, 710 F. App'x 260, 262 (7th Cir. 2018). Accordingly, any claim alleged against Lancaster County Prison will be dismissed for failure to state a claim pursuant to § 1915(e)(2)(B)(ii). Because any attempt to amend claims against Lancaster County Prison would be futile, these claims will be dismissed with prejudice.

**4. Claims Against Judicial Defendants**

Youst also asserts § 1983 claims against the following judges, all of whom presided over criminal matters in which Youst was a Defendant: (1) Magisterial District Judge Bruce Roth,; (2)

Lancaster County Court of Common Pleas Judge Merrill Spahn, Jr.; (3) Magisterial District Judge Mary Sponaugle; and (4) Lancaster County Court of Common Pleas Judge Thomas Sponaugle.[12] (Compl. Aff. at 31, 38, 51, 58; *see also* Compl. at 2-3). However, judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (*per curiam*); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (*per curiam*); *see also Figueroa v. Blackburn*, 208 F.3d 435, 441 (3d Cir. 2000) (concluding that magisterial district judges, even though they preside over courts of limited jurisdiction, are entitled to protections of judicial immunity). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there

---

[12] Youst checked the box on the form Complaint indicating that he seeks to bring his claims against the Judges in both their individual and official capacities. (Compl. at 2-3.) Any official capacity claims against the Judges are really claims brought against the Commonwealth of Pennsylvania because Judges of the Court of Common Pleas and Magisterial District Judges are considered officials of the Commonwealth. As such, they are entitled to share in the Commonwealth's Eleventh Amendment Immunity. *See Green v. Domestic Relations Section Court of Common Pleas Compliance Unit Montgomery Cnty.*, 649 F. App'x 178, 180 (3d Cir. 2016) ("All courts in the unified judicial system are part of the Commonwealth and are entitled to Eleventh Amendment immunity.") (citing *Haybarger v. Lawrence Cnty. Adult Probation & Parole*, 551 F.3d 193, 198 (3d Cir. 2008); *Van Tassel v. Lawrence Cnty. Domestic Relations Section*, 659 F. Supp. 2d 672, 676-82 (W.D. Pa. 2009), *aff'd*, 390 F. App'x 201 (2010) (recognizing that Pennsylvania common pleas judges are entitled to Eleventh Amendment immunity with respect to official capacity claims); *see also* 42 Pa. Cons. Stat. Ann. § 301 ("The judicial power of the Commonwealth shall be vested in a unified judicial system consisting of . . . (9) Magisterial district judges. All courts and magisterial district judges and their jurisdiction shall be in this unified judicial system."). Accordingly, Youst's official capacity claims against the Judges will be dismissed with prejudice on the basis of Eleventh Amendment immunity.

is sufficient jurisdiction for immunity purposes.'" *Figueroa*, 208 F.3d at 443-44 (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)).

Youst details the judicial determinations each of these Judges made in a multitude of state court criminal proceedings where he was the criminal defendant, and those judicial determinations serve as the basis for his § 1983 claims against them. Accordingly, the Judges named as Defendants are entitled to absolute immunity, *see Kinnard v. George*, 652 F. App'x 96, 98 (3d Cir. 2016) (finding § 1983 action by a *pro se* plaintiff against two state court judges was properly dismissed where plaintiff complained of "judicial actions that [the] Judges . . . took in the course of an official criminal proceeding" because the judges were "protected by absolute judicial immunity"); *see also Blackwell v. Middletown Borough Police Dep't*, No. 12-825, 2012 WL 4033671, at *3-4 (M.D. Pa. May 30, 2012), *report and recommendation adopted*, 2012 WL 4025956 (M.D. Pa. Sept. 12, 2012) (dismissing *pro se* plaintiff's claims against a magisterial district judge for failure to state a claim at screening because "judicial immunity . . . expressly extends to Pennsylvania magisterial district court judges") (citing *Figueroa*, 208 F.3d at 441), and his claims against Defendants Roth, Spahn, M. Sponaugle, and T. Sponaugle in their individual capacities will be dismissed with prejudice.[13]

---

[13] Youst also refers to the following judges who are not specifically named as Defendants:

(1) Judge David L. Ashworth, (*see* Compl. at 13; Compl. Aff. at 2, 23, 25);
(2) Judge Dennis E. Reinaker, (*see* Compl. at 14; Compl. Aff. at 1, 5, 8-9, 11, 16, 18);
(3) Judge Jeffery D. Wright, (*see id.* at 1);
(4) Judge Louis Farina, (*see id.* at 1);
(5) Magisterial District Judge Miles Bixler, (*see id.* at 2);
(6) Magisterial District Judge Robert Herman Jr., (*see id.* at 2, 17, 21);
(7) Judge Margaret Miller, (*see id.* at 2, 11, 13);
(8) Magisterial District Judge David P. Miller, (*see id.* at 4, 12);
(9) Magisterial District Judge Jodie Richardson, (*see id.* at 6);
(10) Judge Donald Totaro, (*see id.* at 7);

**5. Claims Against Defense Attorneys**

Youst also seeks to bring § 1983 claims against Edwin Pfursich, Barry L. Wellener, Dennis C. Dougherty, the Dougherty and Wellener Law Firm, and John Zelinsky. (Compl. Aff. at 94, 113, 119, 162.) Any constitutional claims against these attorneys for their role as defense counsel in Youst's various state court criminal cases are implausible because an attorney performing the traditional functions of counsel – whether privately retained, court-appointed, or a public defender – is not a state actor for purposes of § 1983.[14] *See Gannaway v. Stroumbakis*, 842 F. App'x 725, 730 (3d Cir. 2021) (noting that "[a] privately retained attorney clearly does not act under color of state law, and . . . that 'no color of state law attache[s] to the functions of court-appointed counsel.'") (citation omitted); *see also Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Clark v. Punshon*, 516

(11) Magisterial District Judge William G. Reuter (*see id.* at 12-13, 17, 73-78, 89-94, 101, 103-106);
(12) Judge Howard F. Knisely, (*see id.* at 13); and
(13) Magisterial District Judge Adam Witkonis, (*see id.* at 30, 51, 52, 54-58).

To the extent the Complaint can be liberally construed to allege claims against any of these judges in their individual capacities, the Court finds that these judges are also entitled to absolute judicial immunity for the same reasons set forth above with regard to the Judges named as Defendants. The actions of these judges were clearly taken in a judicial capacity in criminal matters where Youst was the defendant including, but not limited to, the following cases: *Commonwealth v. Youst*, CP-36-CR-0004415-2010, (C.P. Lancaster); *Commonwealth v. Youst*, CP-36-CR-0000234-2011, (C.P. Lancaster); *Commonwealth v. Youst*, CP-36-CR-0005888-2012, (C.P Lancaster); *Commonwealth v. Youst*, CP-36-CR-0004131-2013 (C.P. Lancaster); *Commonwealth v. Youst*, CP-36-CR-0003167-2018, (C.P. Lancaster); *Commonwealth v. Youst*, CP-36-CR-0004423-2019, (C.P. Lancaster); *Commonwealth v. Youst*, CP-36-CR-0005156-2019, (C.P. Lancaster).

[14] Any claims Youst seeks to bring against the Dougherty and Wellener Law Firm fail for the same reason. *See Graham v. Rudovsky*, No. 21-2759, 2021 WL 5040479, at *2 (E.D. Pa. Oct. 29, 2021) ("Graham cannot maintain his federal constitutional claim because private attorneys and law firms carrying out their typical work as lawyers are not state actors[.]")

F. App'x 97, 99 (3d Cir. 2013) (*per curiam*) (noting that a court-appointed attorney is not a state actor for purposes of § 1983). "Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court." *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999); *see also Webb v. Chapman*, 852 F. App'x 659, 660 (3d Cir. 2021) (*per curiam*) ("[A]ttorneys representing individuals in criminal proceedings generally are not state actors for purposes of § 1983."); *Singh v. Freehold Police Dep't*, No. 21-10451, 2022 WL 1470528, at *2 (D.N.J. May 10, 2022) ("Plaintiff['s] dissatisfaction with the representation provided by Mr. Moschella does not provide a basis for a civil rights claim against him."). Therefore, Youst's claims against Defendants Edwin Pfursich, Barry L. Wellener, Dennis C. Dougherty, the Dougherty and Wellener Law Firm, and John Zelinsky will be dismissed with prejudice as any attempt to amend would be futile.

**6. Claims Against the Clerk of Court**

Youst claims that Defendant Jacqueline Pfursich was the Clerk of Court for Lancaster County at the time of his various criminal proceedings, and he seeks to bring claims against her in both her individual and official capacity. (Compl. Aff. at 101.) Youst contends that Jacqueline Pfursich "breached her duties" to monitor court records "when she allowed the concealment of warrant applications and authorizations by Magisterial District Judges Mary Sponaugle and William Reuter without reporting it to the DOJ." (*Id.* at 101-106.) He also claims that Jacqueline Pfursich breached her duties by allowing case files and other evidence to be "intentionally and recklessly destroyed or altered including stenographs, and statements concerning cases" in which Youst was a criminal defendant, as well as an arrest warrant, a habeas corpus petition, and DL-21 forms. (*Id.*) Youst also makes note that Jacqueline Pfursich is married to Defendant Edwin Pfursich, "an attorney appointed by the Honorable Dennis

Reinaker to represent . . . Youst in criminal proceedings" in *Commonwealth v. Youst*, CP-36-CR-0003167-2018, (C.P. Lancaster) and *Commonwealth v. Youst*, CP-36-CR-0004162-2018, (C.P. Lancaster). (*Id.*) Youst further asserts that Jacqueline Pfursich's actions "were part of a conspiracy to convict . . .[him] of criminal charges and deprived [him of] a fair chance to prove his innocence . . . [and] were a violation to the United States Constitution and the penal codes and Constitution of Pennsylvania." (*Id.*)

Courts have held that clerks of court and clerk's office employees enjoy absolute immunity and quasi-judicial immunity when performing duties required by statute or at the direction of judicial authority. *See, e.g.*, *Lucarelli v. Norton*, No. 06-53, 2006 WL 709319, at *7 (M.D. Pa. Mar. 17, 2006); *Pokrandt v. Shields*, 773 F. Supp. 758, 765 (E.D. Pa. 1991) (noting that courts have held that clerks of court are entitled to immunity the same as judges); *DeFerro v. Coco*, 719 F. Supp. 379, 381 (E.D. Pa. 1989) (holding that absolute immunity extends to a court clerk because he was a "nonjudicial official whose activities are integrally related to the judicial process and involve the exercise of discretion comparable to that of a judge"); *see also Acavino v. Wilson*, 789 F. App'x 308, 309 (3d Cir. 2020) ("Thus, the doctrine of quasi-judicial immunity provides absolute immunity for those 'who perform functions closely associated with the judicial process.'") (citation omitted); *Nystedt v. Nigro*, 700 F.3d 25, 30 (1st Cir. 2012) ("The doctrine of quasi-judicial immunity provides absolute immunity for those who perform tasks that are inextricably intertwined with the judicial function.") (citing *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985)).

Under Pennsylvania law, "[p]ursuant to Section 2704 of the Judicial Code, the clerk of courts is 'responsible for the accurate and timely creation, maintenance and certification of the record of matters pending before or determined by the courts of common pleas . . . including data

and reports relating thereto." *O'Connor v. Dep't of Transp., Bureau of Driver Licensing*, 200 A.3d 137, 140 (Pa. Commw. Ct. 2018) (citing 42 Pa. Cons. Stat. § 2704(a)). Pennsylvania Rule of Criminal Procedure 103 further provides that the clerk of courts is the "official . . . in each judicial district who, pursuant to 42 Pa. C.S. § § 2756 and 2757, has the responsibility and function to maintain the official criminal case file and list of docket entries, and to perform such other duties as required by rule or law." Pa. R. Crim. P. 103.

Youst does not set forth sufficient factual support for his contention that Pfursich failed to discharge her duties as the Clerk of Court and relies only on sweeping assertions that Pfursich was part of a multi-level conspiracy to convict him of criminal charges. The Complaint makes clear, however, that Pfursich was performing activities that are integrally related to the judicial process as she was required to do under Pennsylvania law, and her immunity is not rendered a nullity even if she made a mistake or improperly discharged those duties. *See Lewis v. W. Roxbury Dist. Court*, No. 12-11544, 2013 WL 4854117, at *6 (D. Mass. Sept. 10, 2013) (dismissing § 1983 claim on quasi-judicial immunity grounds where the plaintiff alleged that the court clerk (1) failed to record his criminal case history accurately and (2) ignored his request to obtain documents and recognizing that the plaintiff sought "to hold the Court Clerk liable for improperly discharging her duties" that arose "directly from the Clerk's role in supporting the adjudication of cases" and were "inextricably intertwined with the judicial function"); *see also Mullis v. U.S. Bankr. Ct. for Dist. of Nev.*, 828 F.2d 1385, 1390 (9th Cir. 1987) (stating that "[c]ourt clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process," and that "a mistake or an act in excess of jurisdiction does not abrogate judicial immunity, even if it results in 'grave procedural errors'"). Accordingly, Pfursich is entitled to immunity from civil rights claims

brought against her in her individual capacity as the Clerk of Court, and these claims will be dismissed for failure to state a claim pursuant to § 1915(e)(2)(B)(ii).[15] The dismissal of these claims will be with prejudice as amendment would be futile.

**7. Claims Against Prosecutors**

Youst asserts claims against four Assistant District Attorneys with the Lancaster County District Attorney's Office: (1) Defendant Caitlin Blazier, (*see* Compl. Aff. at 13-15, 24, 72-78); (2) Defendant Trista Boyd, (*id.* at 2, 8, 78-83); (3) Defendant Janie Swinehart, (*id.* at 1, 9, 83-88); and (4) Defendant Gregory Seiders, (*id.* at 107-113).[16] Youst challenges the conduct of these Assistant District Attorneys in criminal proceedings where these Defendants represented the Commonwealth's interests in prosecuting Youst for charges brought against him in 2010, 2017, 2018, and 2019. Any claims against these Assistant District Attorneys must be dismissed

[15] Youst's claims against Defendant Pfursich in her official capacity must also be dismissed pursuant to § 1915(e)(2)(B)(ii). Claims against Pfurisch in her official capacity are actually claims against the Commonwealth of Pennsylvania because the court Defendant Pfurisch served, the Lancaster County Court of Common Pleas, is part of Pennsylvania's unified judicial system. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell*, 436 U.S. at 690, n. 55); *see also* Pa. Const., art. V, § 1 (stating the "judicial power of the Commonwealth shall be vested in a unified judicial system consisting of . . . . courts of common pleas"), and § 15 (stating the "prothonotary and clerk of courts shall become the offices of prothonotary and clerk of courts of the court of common pleas of the judicial district"). As part of that system, the Lancaster County Court of Common Pleas shares in the Commonwealth's Eleventh Amendment immunity. *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005). As there is no indication Pennsylvania has waived its Eleventh Amendment immunity, Youst's official capacity claims against Defendant Pfurisch are barred by the Eleventh Amendment.

[16] Youst has also failed to allege a basis for a claim against these Assistant District Attorneys in their official capacities. Those claims are essentially claims against the Lancaster County District Attorney' s Office. *See Fitzgerald v. Martin*, No. 16-3377, 2017 WL 3310676, at *6 (E.D. Pa. Aug. 3, 2017). To state a claim against a municipal employee in his or her official capacity, a plaintiff must allege a municipal policy or custom caused the claimed constitutional violation. *See Monell*, 436 U.S. at 694. Youst has not done so here, so the Court will dismiss these official capacity claims as well.

with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim because prosecutors are entitled to absolute immunity from liability under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Absolute immunity for prosecutors is broad and extends to cover the decision to initiate a prosecution, *id.*, 424 U.S. at 431, as well as presenting a state's case at trial, *id.*, appearing before a judge to present evidence, *see Fogle v. Sokol*, 957 F.3d 148, 160 (3d Cir. 2020), and even "soliciting false testimony from witnesses in grand jury proceedings and probable cause hearings[.]" *See Kulwicki v. Dawson*, 969 F.2d 1454, 1465 (3d Cir. 1992). Because Youst's claims against Defendants Blazier, Boyd, Swinehart, and Seiders are based upon their actions as prosecutors for the Commonwealth in bringing criminal charges against Youst, they are entitled to absolute immunity and the claims against them will be dismissed pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim. Leave to amend will not be granted as it would be futile with respect to Youst's claims against these Defendants.

**8. Claims Against Police Officers**

Youst also names the following individual police officers as Defendants in this action: (1) Officer Daniel Swigart, Manheim Township Police Department; (2) Officer Eric Lukacs, Lancaster City Bureau of Police; (3) Detective Chris Dissinger, Manheim Township Police Department; and (4) Officer Ryan Yoder, Lancaster City Bureau of Police.[17] (Compl. Aff. at 3-4, 6, 12, 45-50, 65-72, 89-94, 156-162).

[17] Youst seeks to bring § 1983 claims against these Defendants in both their individual and official capacities. As the Court noted, claims against city officials named in their official capacity are indistinguishable from claims against the city that employs them. *See Kentucky*, 473 U.S. at 165-66. For the reasons set forth in this Memorandum, Youst has not alleged a plausible

Youst alleges that Officer Swigart "falsely accused and charged . . . [him] of a Felony Retail theft and a misdemeanor theft by deception on September 21, 2017[,]" but that Swigart failed to "investigate the crime before filing charges[.]" (*Id.* at 157; *see also id.* at 158-61.) Youst contends that Swigart knew Youst was innocent of the thefts but subjected him to "an unlawful arrest" and then "conspired with the District Attorney's Office to convict" him of these crimes. (*Id.*) Similarly, Youst claims that Officer Lukacs "assaulted and detained" him on or about May 16, 2018 for disorderly conduct. (*Id.* at 6.) Youst further asserts that Officer Lukacs conspired with police, prosecutors, and judges to "prosecute and confine" Youst in prison, and that Officer "Lukacs['s] role in the matter was to initiate criminal charges" and "obtain an arrest[.]" (*Id.* at 65; *see also id.* at 66-72.) Youst contends that Officer Lukacs "succeeded" when he arrested Youst on May 16, 2018. (*Id.* at 65.) As to Detective Dissinger, Youst alleges that Dissinger charged Youst "with Kidnapping/domestic violence . . . July 12, 2019" resulting in his arrest in Harrisburg, Pennsylvania on July 13, 2019. (*Id.* at 89; *see also id.* at 90-94.) Youst's allegations also appear to question the validity of several warrant applications and authorizations Detective Dissinger received from the prosecutor because these applications and authorizations were sealed by two Magisterial District Judges – Defendants Reuter and Mary Sponaugle. (*Id.*)

As the Court previously noted, Pennsylvania's two-year statute of limitations applies to Youst's § 1983 claims. *See* 42 Pa. Cons. Stat. § 5524; *Wallace*, 549 U.S. at 387. Specifically, "[t]he statute of limitations for a § 1983 claim seeking damages for a violation of the Fourth Amendment for false arrest or false imprisonment begins to run 'at the time the claimant

---

claim for municipal liability and his claims against these Defendants in their official capacity will be dismissed with prejudice.

becomes detained pursuant to legal process.'" *Green v. United States*, 418 F. App'x 63, 67 (3d Cir. 2011) (citing *Wallace*, 549 U.S. at 397). With respect to any claims for an illegal search or seizure, those claims accrued at the time the searches or seizures took place. *See Barren v. Allegheny Cnty. Pennsylvania*, 607 F. App'x 130, 131 (3d Cir. 2015). Youst challenges the conduct of Defendants Swigart, Lukacs, and Dissinger with respect to arrests that occurred and charges that were brought in 2017, 2018, and 2019. He also challenges the investigatory actions these Defendants took with respect to these charges such as obtaining and executing search and arrest warrants and the alleged use of force when he was arrested.[18] Based on these dates, Youst's constitutional challenges under § 1983 against Defendants Swigart, Lukacs, and Dissinger for false arrest and false imprisonment are time-barred because his claims accrued on or about the dates when Youst was arrested, charged, and initially detained but he did not file his Complaint until March 3, 2023, more than two years beyond the alleged events. *See Dique*, 603 F.3d at 185; *see also LeBlanc*, 453 F. App' x at 142 ("Claims for false arrest and assault (which would include LeBlanc's excessive force claim) typically accrue on the date of the arrest or the assault, because, at that point, the plaintiff has reason to know of the injury."). As the claims

[18] Youst also appears to claim that these Defendants violated his civil rights with respect to testimony they provided in court proceedings stemming from these arrests and charges. Defendants Swigart, Lukacs, and Dissinger, however, are entitled to absolute immunity from civil rights claims based on any testimony they provided in court, including at pretrial hearings, in the grand jury, or at trial, even if that testimony is false. *See, e.g., Rehberg v. Paulk*, 566 U.S. 356, 369 (2012) ("we conclude that grand jury witnesses should enjoy the same immunity as witnesses at trial"); *Williams v. Hepting*, 844 F.2d 138, 141 (3d Cir. 1988) (stating that witness immunity is "firmly bottomed in public policy") citing *Briscoe v. LaHue*, 460 U.S. 325, 329-30 (1983) (holding that under absolute witness immunity a convicted defendant could not state a claim for damages under § 1983 against a police officer who had allegedly given perjured testimony at the defendant's criminal trial). Accordingly, Youst's § 1983 claims challenging such testimony will be dismissed with prejudice.

involving Defendants Swigart, Lukacs, and Dissinger are untimely, they must be dismissed. Leave to amend will not be granted as any attempt to amend would be futile.

The only remaining police officer named in the Complaint is Officer Ryan Yoder of the Lancaster City Bureau of Police. Youst alleges that Officer Yoder arrested him on July 3, 2019 and again on August 23, 20222. (Compl. Aff. at 12, 30.) Youst contends that Defendant Yoder "intentionally and recklessly stalked and kidnapped . . . Youst on July 3, 2019" and violated Youst's rights when Yoder arrested him pursuant to a bench warrant related to a June 27, 2019 traffic stop. (*Id.* at 45-46; *see also id.* at 47-50.) Youst also claims that Defendant Yoder "intentionally and recklessly harassed and kidnapped . . . Youst [again] on August 13, 2022" when he arrested Youst for making a false identification to law enforcement. (*Id.* at 45-46; *see also id.* at 47-50.) Youst § 1983 claims against Yoder arising from the July 3, 2019 arrested, however, are time-barred for the same reasons set forth above regarding his claims against the other officers.

Youst's claims regarding his August 23, 2022 arrest appear to be timely. However, the Court must abstain from ruling on any § 1983 claims against Defendant Yoder seeking money damages arising from Youst's August 23, 2022 arrest in order to avoid interference in his pending criminal proceedings in state court.[19] In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court "established a principle of abstention when federal adjudication would disrupt an ongoing state criminal proceeding." *Yang v. Tsui*, 416 F.3d 199, 202 (3d Cir. 2005); *see also PDXN., Inc. v. Comm'r N.J. Dep't of Labor & Workforce Dev.*, 978 F.3d 871, 882 (3d Cir. 2020) (explaining that *Younger* applies when the underlying state case is a criminal

[19] While Youst seeks various forms of injunctive relief in this case from a number of entity Defendants, the Court does not understand Youst's Complaint to seek injunctive relief from Officer Yoder specifically. The Court reads this claim.

prosecution). *Younger* abstention "is premised on the notion of comity, a principle of deference and 'proper respect' for state governmental functions in our federal system." *Evans v. Court of Common Pleas, Delaware Cnty., Pa.*, 959 F.2d 1227, 1234 (3d Cir. 1992). The specific elements that warrant abstention are that "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989). Exceptions to the *Younger* doctrine exist where irreparable injury is "both great and immediate," where the state law is "flagrantly and patently violative of express constitutional prohibitions," or where there is a showing of "bad faith, harassment, or . . . other unusual circumstance that would call for equitable relief." *Younger*, 401 U.S. at 46, 53-54. These exceptions are to be narrowly construed. *See Hall v. Pennsylvania*, No. 12-2373, 2012 WL 5987142, *2 (M.D. Pa. 2012) (citing *Loftus v. Twp. of Lawrence Park*, 764 F. Supp. 354, 357 (W.D. Pa. 1991)).

The requirements for *Younger* abstention are clearly met in this case. First, the criminal proceedings against Youst stemming from his August 23, 2022 arrest are still pending.[20] Second, the state proceedings implicate the important interest of enforcing the Commonwealth's criminal laws and prosecuting criminal conduct. Third, the criminal proceedings provide Youst an adequate opportunity to raise federal constitutional defenses to his prosecution. *See Jaffery v. Atl. Cnty. Prosecutor's Office*, 695 F. App'x 38, 40-41 (3d Cir. 2017), 695 F. App' x at 40-41 (*Younger* applied where "[t]here are ongoing state criminal proceedings in the Superior Court of

[20] The public docket reflects that Youst is awaiting a formal arraignment in his criminal case, and that a status conference is scheduled for June 22, 2023. *See Commonwealth v. Youst*, CP-36-CR-0003924-2022 (C.P. Lancaster). It appears that a bench warrant for Youst was issued with respect to this matter on or about September 14, 2022. *See Commonwealth v. Youst*, MJ-02101-CR-0000392-2022 (C.P. Lancaster).

New Jersey that are judicial in nature, the state proceedings implicate the important state interest in prosecuting criminal behavior, and the state proceedings provide Jaffery an opportunity to raise federal constitutional defenses to prosecution"); *Duran v. Weeks*, 399 F. App'x 756, 758-59 (3d Cir. 2010) (*per curiam*) ("Since Duran's section 1983 action seeking to enjoin his criminal prosecution presents the classic case for *Younger* abstention, the District Court's dismissal of Duran's complaint on that basis was clearly appropriate."). Further, there is nothing in the Complaint to indicate that Youst's claims against Yoder fall within any of the narrow exceptions to the *Younger* doctrine.

Accordingly, it is appropriate to abstain from entertaining Youst's remaining claims for money damages against Yoder out of deference to the state judicial process. *See Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) ("If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* [*v. Humphrey*, 512 U.S. 477, 486-87 (1994)] will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit." (citations omitted)); *see also Ellis v. Mondello*, No. 05-1492, 2005 WL 1703194, at *3 (D.N.J. 2005) ("[A]ssuming the criminal action is still pending in a state trial or appellate court, review of the state court proceedings would be barred; a district court cannot interfere in a pending state criminal action in order to consider issues that a plaintiff can raise there.").

**9. Claims Against the City of Lancaster**

Finally, Youst seeks to allege a claim against the City of Lancaster for municipal liability under § 1983. (Compl. Aff. at 147-156.) Youst's claims against the City of Lancaster appear to stem from his dissatisfaction with the response letter he received from Mayor Danene Sorace on July 18, 2018. (Compl. Aff. at 147.) Youst alleges that he wrote to the Mayor on July 9, 2018 informing the Mayor that he had been assaulted by police on April 26, 2018 and that he was aware of corruption taking place in both the City of Lancaster and Lancaster County. (*Id.*) He asserts that the Mayor's response to him was "clearly an act to conspire" and conceal wrongdoing on behalf of the police. (*Id*. at 148.)

To plead a basis for municipal liability under § 1983, a plaintiff must allege that the municipality's policy or custom caused the violation of his constitutional rights. *See Monell*, 436 U.S. at 694. "To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was." *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009). "'Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.'" *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). "'Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'" *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)). A plaintiff alleges that a custom was the proximate cause of his injuries by demonstrating that the defendant "had knowledge of similar unlawful conduct in the past, failed to take precautions against future violations, and that its failure, at least in part, led to his injury." *Id.* (internal quotations and alterations omitted). Alternatively, a plaintiff may also

state a basis for municipal liability by "alleging failure-to-supervise, train, or discipline . . . [and alleging facts showing] that said failure amounts to deliberate indifference to the constitutional rights of those affected." *Forrest v. Parry*, 930 f.3d 93, 106 (3d Cir. 2019). "This consists of a showing as to whether (1) municipal policymakers know that employees will confront a particular situation, (2) the situation involves a difficult choice or a history of employees mishandling, and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Id.*

Youst has failed to plead sufficient facts to state a plausible *Monell* claim. He does not specify the exact custom or policy that he alleges resulted in a violation of his constitutional rights, s*ee McTernan*, 564 F.3d at 658, nor does he allege adequate facts to demonstrate that the City failed to supervise, train, or discipline these Officers in a manner that amounts to deliberate indifference. *See Forrest*, 2019 WL 2998601, at *8. The Court need not credit Youst's bald assertions and conclusory allegations that Mayor Sorace's letter response was "clearly an act to conspire" and conceal wrongdoing on behalf of the police, which was taken on behalf of the municipality itself. *See Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (recognizing that the court need not credit a pro se litigant's "bald assertions" or "legal conclusions."). This assertion falls well short of alleging a plausible claim under *Monell*. Accordingly, Youst's claims against the City of Lancaster will be dismissed with prejudice as it appears amendment would be futile.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Youst leave to proceed *in forma pauperis* and dismiss all of his claims with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) as frivolous and for failure to state a claim with the sole exception of his § 1983 claim for money

damages against Defendant Officer Ryan Yoder arising from his August 23, 2022 arrest. That claim will be stayed pursuant to the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971) until Youst informs the Court that his related criminal case has been resolved. Following resolution of his criminal case, Youst may file a motion to remove the stay solely with respect to that claim. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joseph F. Leeson, Jr.*

**JOSEPH F. LEESON, JR.**
**United States District Judge**